**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT VALDEZ,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent.<br>_____/ | 1:07-cv-01520-LJO-TAG HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES<br><br>RESPONSE DUE WITHIN THIRTY DAYS [Doc. 1] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　The court has reviewed the petition and finds that it contains claims that have not been exhausted through the state court remedies.  In the petition, Petitioner alleges that he was convicted in the Kern County Superior Court on December 20, 2005, and that his direct appeal concluded on May 30, 2007, when the California Supreme Court denied his Petition for Review.  (Doc. 1). Petitioner raises four grounds for relief: (1) fraud in inducing his plea of guilty; (2) failure to show an apparently exculpatory videotape to the trial court; (3) denial of probation as a sentence; and (4) prosecutorial misconduct in failing to advise the court about why the prosecutor was taking the case. (Doc. 1, pp. 2-3).

　　　Petitioner does not allege that he has ever presented his four claims to the highest court in the State of California.  Indeed, Petitioner acknowledges that he has not presented these claims to the California Supreme Court, claiming that he has not presented Ground One because he was unaware

of his rights, he did not present Grounds Two and Four because his attorney failed to present them, and he did not raise Ground Three because the trial court denied it. (Doc. 1, p. 5). None of these reasons provides an adequate or acceptable justification for excusing the exhaustion requirement.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-2555 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997).

Here, it is quite clear that Petitioner has not presented any of his claims to the California Supreme Court. It therefore appears that the entire petition is unexhausted. Petitioner could have presented any of these claims to the state courts in a collateral attack through a petition for writ of habeas corpus.

///

Petitioner will therefore be ordered to show cause why the Petition should not be dismissed for failing to exhaust state court remedies. Should it be the case that the claims were exhausted, Petitioner should make clear when and in what court the claims were raised. If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

If the Petition contains unexhausted claims, Petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

Petitioner may also move to withdraw the unexhausted claims and move to hold the petition in abeyance while the unexhausted claims are exhausted in state court. See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002). However, such a request will not be considered by the Court until the Petition contains only exhausted claims and it is clear that the Petition is not barred by the statute of limitations.

Petitioner may also move to withdraw the entire Petition and return to federal court only when he has finally exhausted his state court remedies. Petitioner should bear in mind, however, that there exists a one year statute of limitations applicable to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885. In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See id. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

///

Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court later find that the Petition contained unexhausted claims.

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed.

IT IS SO ORDERED.

Dated:   **January 15, 2008**                             **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE