IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT VALDEZ, | 1:07-cv-01520-LJO-TAG HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST THE STATE COURT REMEDIES; ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS (Doc. 1) |
| vs. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | ORDER DENYING AS MOOT PETITIONER'S MOTION TO AMEND OR DISMISS (Doc. 7) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his petition on October 18, 2007. (Doc. 1). Previously, the Court conducted a preliminary screening of the petition and determined that it appeared to contain only unexhausted claims. Accordingly, on January 16, 2008, the Court issued an Order to Show Cause, giving Petitioner thirty days in which to respond and show that the claims in the petition were exhausted. (Doc. 5). On February 21, 2008, Petitioner filed an untitled document whose heading indicated it was to be filed in the Court of Appeal of the State of California, although the document also contained the case number for this petition. (Doc. 7). The document is unclear about precisely what Petitioner is seeking. On the one hand, Petitioner indicates that he wishes to "amend [his] appeal" dated October 22, 2007. Presumably, the "appeal" he refers to is the instant petition. Thus, in that respect, it appears Petitioner is seeking leave to amend. However, Petitioner also indicates that he

wishes "to respond to stop the motion for appeal" and "will resubmit a new appeal as soon as this motion to stop the first appeal is granted." However, as discussed supra, because the Court has no alternative but to recommend dismissal of the petition as containing only unexhausted claims, the Court concludes that Petitioner's motion is moot.

**DISCUSSION**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509(1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887(1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434 (2000). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366. The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-522

In the petition, Petitioner alleges that he was convicted in the Kern County Superior Court on December 20, 2005, and that his direct appeal concluded on May 30, 2007, when the California Supreme Court denied his petition for review. (Doc. 1). Petitioner raises four grounds for relief: (1) fraud in inducing his plea of guilty; (2) failure to show an apparently exculpatory videotape to the

trial court; (3) denial of probation as a sentence; and (4) prosecutorial misconduct in failing to advise the court about why the prosecutor was taking the case. (Doc. 1, pp. 2-3). Petitioner does not allege that he has ever presented these four claims to the highest court in the State of California. Instead, Petitioner acknowledges that he has <u>not</u> presented these claims to the California Supreme Court, claiming that he has not presented Ground One because he was unaware of his rights, he did not present Grounds Two and Four because his attorney failed to present them, and he did not raise Ground Three because the trial court denied it. (Doc. 1, p. 5). None of these reasons provides an adequate or acceptable justification for excusing the exhaustion requirement.

Petitioner has not presented any of his claims to the California Supreme Court. Therefore, the entire petition is unexhausted and must be dismissed. Because the Court has no alternative but to recommend dismissal of the unexhausted petition, Petitioner's motion to amend or dismiss the petition will be denied as moot.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion to amend the petition, or in the alternative, to dismiss the petition (Doc. 7), is DENIED as MOOT.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice for lack of exhaustion.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

///

///

///

1 | objections within the specified time may waive the right to appeal the District Judge's order.
2 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.
5 | Dated:  **July 8, 2008**                                    **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE